**UNITED STATES of America, Plaintiff—Appellee,**

v.

**JUSTIN D., a juvenile, Defendant— Appellant.**

**No. 02–30247.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 7, 2003.

Decided July 22, 2003.

Before: REAVLEY,* TASHIMA, and PAEZ, Circuit Judges.

### MEMORANDUM **

Justin D., a twelve-year-old juvenile, pled guilty to a charge of knowingly possessing a firearm in violation of 18 U.S.C. § 922(x)(2)(A). He now appeals the district court's dispositional order that he reside for a minimum of 18 months in a residential care facility[1] as a condition of his five-year term of probation. Justin D. argues that this condition amounts to a violation of the one-year statutory limitation on incarceration for a violation of 18 U.S.C. § 922(x)(2)(A). He also argues that the condition that he reside at the facility for a minimum of 18 months constitutes an illegal indeterminate sentence. Because the parties are familiar with the facts, we do not repeat them here. We have jurisdiction over this case under 28 U.S.C. § 1291, and we affirm.

Justin D. first argues that the 18–month period of residential custody violates 18 U.S.C. § 924(a)(6)(A)(i), which places a one year limitation on imprisonment for a juvenile who has violated 18 U.S.C. § 922(x)(2)(A). Justin D. was sentenced pursuant to the Sentencing Reform Act of 1984, and under the Act, in addition to mandatory conditions of probation, the court may order medical, psychiatric, or psychological treatment in a specified institution or community corrections facility as

* The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Justin D. was first ordered to reside at Our Home Adolescent Program in South Dakota as a condition of probation. However, due to the unavailability of an immediate placement and a preference for in-state placements, Justin D.'s probation officer petitioned the court to modify the condition of probation by changing his placement from the Our Home Adolescent Program to the Swan Valley Youth Academy in Swan Lake, Montana. Justin D. agreed to the modification, and the district court granted the petition to modify the placement.

a further condition of probation as long as the conditions are reasonably related to the factors set forth in 18 U.S.C. §§ 3553(a)(1) and (2). *See* 18 U.S.C. § 3563(b)(9) and (11). The district court explained the need for its conditions of probation before handing down its disposition, citing the serious nature of Justin D.'s conduct, his history of problem behavior, and his need for structure, discipline, and treatment. These reasons are consistent with the factors set forth in 18 U.S.C. § 3553. Thus, Justin D.'s placement at Swan Valley would be proper under § 3553 provided that it is an appropriate treatment facility and not just a custodial facility.

Justin D. contends, however, that his placement at Swan Valley is nothing more than simple incarceration; thus, ordering him to spend a minimum of 18 months at the facility violates the one-year statutory limit on incarceration of a juvenile for violation of § 922(x)(2)(A). The government maintains that Swan Valley is a treatment facility, and therefore pursuant to 18 U.S.C. § 3563(9) and (11), a placement at this facility is a permissible condition of probation. At oral argument, both parties agreed that the record on appeal could be augmented to include a description of Swan Valley Youth Academy submitted by Justin D.

The description submitted describes Swan Valley as a "licensed, staff-secure residential treatment center." The Academy has three stated goals: community protection, accountability to victims, and competency development. Furthermore, there are three phases to the program: the basic phase, the advanced phase, and the transition phase. "All phases focus on youth achieving academic and vocational skills, developing emotional and interpersonal competencies, and improving physical fitness and becoming better citizens of the community." Although the academy is also described as a treatment approach "within a structured military environment," it appears that the program does provide the kind of treatment that fits the needs of Justin D. as identified by the district court. Because there is nothing in the record to suggest that Swan Valley is actually a custodial facility that does not provide appropriate treatment, we affirm the district court's disposition imposing a minimum of 18 months residency at the Swan Valley Youth Academy. We note that at any time Justin D. may file a motion to modify the terms of probation on the ground that Swan Valley does not meet the treatment needs specified by the district court.

Next, Justin D. argues that his probationary placement at Swan Valley constitutes an indeterminate sentence because it was ordered to last for a *minimum* of 18 months; thus, with a five-year term of probation, his placement at Swan Valley could last up to five years. To extend Justin D.'s placement at Swan Valley, however, would constitute a modification of the terms and conditions of probation that could only be effectuated by Justin D.'s consent or by court order after notice and hearing. *See* 18 U.S.C. § 5037(b) (requiring a dispositional hearing before revocation of a term of probation for a violation of a condition of probation in juvenile cases); *see also* 18 U.S.C. § 5037(d)(4) (requiring a dispositional hearing before the court can modify, reduce, or enlarge the conditions of juvenile delinquent supervision). With these procedural protections in place, we conclude that Justin D.'s probationary sentence is not an illegal indefinite sentence.

AFFIRMED.